U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 3 1 2015

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RENNY MATTS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-995-BF** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security,** | § | |
| **Defendant.** | § | |

### MEMORANDUM OPINION & ORDER

Plaintiff Renny Matts ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this memorandum opinion and order.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including degenerative joint disease of the bilateral shoulders, right shoulder rotator cuff tear, degenerative disc disease of the lumbar spine, asthma, and sarcoidosis. Pl.'s Br. [D.E. 17 at 6]; Tr. [D.E. 14-3 at 37, 50]. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). That hearing took place on October 5, 2012 in Dallas, Texas. Tr. [D.E. 14-3 at 33]. Plaintiff was 52 years-old at the time of the hearing. *Id.* [D.E. 14-3 at 37]. Plaintiff has a high school education. *Id.* [D.E. 14-3 at 37]. Plaintiff has not engaged in substantial gainful activity since April 22, 2011, the alleged onset date. *Id.* [D.E. 14-3 at 40]. The vocational

expert ("VE") testified that Plaintiff had past relevant work as a laundry worker. *Id.* [D.E. 14-3 at 42].

The ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act from April 22, 2011 through the date of his decision on November 21, 2012. *Id.* [D.E. 14-3 at 26]. The ALJ determined that Plaintiff has the following severe impairments: right rotator cuff repair, lumbar degenerative joint disease/osteoarthritis L3-L4, and asthma. *Id.* [D.E. 14-3 at 20]. However, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1 (Title 20, Code of Federal Regulations, Sections 404.1520(d), 404.1525 and 404.1526). *Id.* [D.E. 14-3 at 21]. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work except for the following: (1) lifting with the right upper extremity limited to 5 pounds, (2) left limited to lifting 15-20 pounds, (3) push/pull on the right limited to occasional, (4) right overhead reaching limited to occasional, (5) frequent below overhead right, and (6) avoid temperature/humidity extremes and poor ventilation. *Id.* [D.E. 14-3 at 21]. The ALJ also determined that Plaintiff is unable to perform her past relevant work. *Id.* [D.E. 14-3 at 24]. The ALJ determined that Plaintiff could perform a modified range of light work in the occupations of a counter clerk, bakery worker conveyor, and furniture rental consultant. *Id.* [D.E. 14-3 at 25].

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the

2

inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are that:

(1)     an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)     an individual who does not have a "severe impairment" will not be found to be disabled;

(3)     an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)     if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)     if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed

3

by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## **Analysis**

Plaintiff seeks reversal of the Commissioner's decision on the following grounds:

(1) Plaintiff could not have performed the jobs identified by the VE because the ALJ's characterization of Plaintiff's RFC was erroneous, and those jobs could not be performed with the nonexertional limitations found by the ALJ.

(2) The ALJ failed to properly weigh Plaintiff's treating specialist, Dr. John McConnell's opinions. Pl.'s Br.[D.E. 17 at 5].

Plaintiff argues that the ALJ failed to properly weigh Dr. McConnell's opinions because he

failed to analyze the factors set out in Title 20, Code of Federal Regulations, Section 404.1527(c)[1]

("Section 404.1527(c)"). *See* Pl.'s Br. [D.E. 17 at 15-16]. Plaintiff argues that every Section

404.1527(c) factor weighs totally in favor of Dr. McConnell. *See id.* [D.E. 17 at 16]. Plaintiff argues

---

1. Section 404.1527(c) states the following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

(1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.

(2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

(i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

2. SSR 96-2p states the following:

PURPOSE: To explain terms used in our regulations on evaluating medical opinions concerning when treating source medical opinions are entitled to controlling weight, and to clarify how the policy is applied. In particular, to emphasize that:

that the ALJ also misapplied Social Security Ruling 96-2p[2] in analyzing the weight given to Dr. McConnell's opinions. *See id.* [D.E. 17 at 16]. Plaintiff argues that Dr. McConnell's opinions were fully supported by the medical evidence before the ALJ, there was no substantial evidence that contradicted or conflicted with Dr. McConnell's opinions, and there was no other orthopedic evidence in the record. *See id.* [D.E. 17 at 19]. Further, Plaintiff argues that the ALJ erred by failing to mention Dr. McConnell's September 28, 2011 medical opinions wherein he opined that Plaintiff was 100% disabled in climbing, stooping and lifting. *See id.* [D.E. 17 at 20]. Plaintiff argues that pursuant to Section 404.1527(b), the ALJ had an affirmative duty to weigh every opinion. *See id.* [D.E. 17 at 20].

The Commissioner argues that the ALJ specifically considered the "Medical Source Statement" completed by Dr. McConnell wherein he opined that Plaintiff was unable to lift up to five pounds and was unable to do any reaching with her right arm, but argues that the ALJ was free to reject Dr. McConnell's opinions because he found it not well-supported by medically acceptable clinical findings and inconsistent with other substantial evidence of record. *See* Def.'s Br. [D.E. 18 at 8]. The Commissioner points out that the medical expert ("ME") noted that Dr. McConnell's

---

1. A case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion.
2. Controlling weight may be given only in appropriate circumstances to medical opinions, i.e., opinions on the issue(s) of the nature and severity of an individual's impairment(s), from treating sources.
3. Controlling weight may not be given to a treating source's medical opinion unless the opinion is well- supported by medically acceptable clinical and laboratory diagnostic techniques.
4. Even if a treating source's medical opinion is well- supported, controlling weight may not be given to the opinion unless it also is "not inconsistent" with the other substantial evidence in the case record.
5. The judgment whether a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record requires an understanding of the clinical signs and laboratory findings and what they signify.
6. If a treating source's medical opinion is well- supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.
7. A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator.

opinion that Plaintiff has significant limitations on her left upper extremity was directly contradicted by Plaintiff's own testimony that she had no issues with her left arm. *See id.* [D.E. 18 at 9]. Further, the Commissioner points out that the ME noted that Dr. McConnell's opinion that Plaintiff could not perform any reaching with her right arm is contradicted by Plaintiff's own statement that she could pick up a fork and eat with her right hand. *See id.* [D.E. 18 at 9]. Furthermore, the Commissioner argues that the ALJ considered the Section 404.1527(c) factors prior to rejecting the opinions of Plaintiff's treating specialist. *See id.* [D.E. 18 at 9]. Specifically, the Commissioner argues that the ALJ considered (1) whether the opinion came from a treating source, (2) whether it was a medical opinion as opposed to an opinion on disability, (3) whether the opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (4) whether the opinion was consistent with other substantial medical evidence of record. *See id.* [D.E. 18 at 9]. Therefore, the Commissioner argues that Plaintiff's arguments are without merit because the ALJ fulfilled the requirements set forth in the regulations. *See id.* [D.E. 18 at 9]. With respect to Plaintiff's argument that the ALJ failed to consider Dr. McConnell's September 28, 2011 form, the Commissioner argues that any such error was harmless because Dr. McConnell opined in that form that Plaintiff could soon return to her past relevant work which was described by the VE as heavy work. *See id.* [D.E. 18 at 10]. Because Dr. McConnell's opinion that Plaintiff could return to heavy work is significantly less limiting than the ALJ's finding, the Commissioner argues that the ALJ's failure to consider the form was harmless. *See id.* [D.E. 18 at 10].

In *Newton v. Apfel*, the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating

7

> physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)(1)-(6)]. .
> . . This court [] holds that an ALJ is required to consider each of the §
> 404.1527[(c)(1)-(6)] factors before declining to give any weight to the opinions of
> the claimant's treating specialist. The ALJ failed to perform this analysis, which
> should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). Similar to the facts in *Newton*, "[t]his is not

a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter

that one doctor's opinion is more well-founded than another." *Id.* at 458. Here, the ALJ rejected the

opinions of Dr. McConnell, Plaintiff's treating orthopedic specialist, without an existing

controverting treating or examining physician opinion. Therefore, pursuant to *Newton*, the ALJ is

required to consider each of the Section 404.1527(c) factors prior to rejecting Dr. McConnell's

opinions. The Commissioner argues that the ALJ considered the Section 404.1527(c) factors because

the ALJ considered: (1) whether the opinion came from a treating source; (2) whether it was a

medical opinion as opposed to an opinion on disability; (3) whether the opinion was well-supported

by medically acceptable clinical and laboratory diagnostic techniques, and (4) whether the opinion

was consistent with other substantial medical evidence of record. *See* Def.'s Br. [D.E. 18 at 9].

Section 404.1527(c) sets forth the following categories: (1) examining relationship; (2) treatment

relationship; (3) supportability; (4) consistency; (5) specialization; (6) any other factors brought to

the attention of the ALJ by the claimant. 20 C.F.R. § 404.1527(c). While the considerations pointed

out by the Commissioner cover some of the Section 404.1527(c) factors, the ALJ's discussion omits

some of them. Particularly absent from the ALJ's discussion is a consideration of the length of the

treatment relationship and the frequency of examinations, as well as the nature and extent of the

treatment relationship. 20 CFR § 1527(c)(2)(i)-(ii). Further absent from the ALJ's decision is any

discussion regarding Dr. McConnell's specialization although the ALJ is to generally give more

8

weight to the opinion of a specialist regarding medical issues related to his area of specialty than to the opinion of a non-specialist. 20 CFR § 1527(c)(5). Therefore, the ALJ's decision fails to show that he conducted a detailed analysis of Dr. McConnell's opinions in accordance with Section 404.1527(c), which included a consideration of each of the Section 404.1527(c) factors. The ALJ's decision is not supported by substantial evidence because the Court is uncertain whether the ALJ would have given more weight to Dr. McConnell's opinions and would have found him disabled had he conducted a thorough analysis of each of the Section 404.1527(c) factors. Because reversal is warranted, the Court pretermits consideration of Plaintiff's remaining arguments as she can raise them before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

### Conclusion

For the foregoing reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this memorandum opinion and order.

SO ORDERED, this 31 day of August, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE